J-S48003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STEPHEN STEPHEN SMITH | : | |
| | : | |
| Appellant | : | No. 168 MDA 2017 |

Appeal from the Judgment of Sentence December 19, 2016
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-CR-0000996-2011

BEFORE:   OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 21, 2017**

Stephen Stephen Smith appeals from the judgment of sentence imposed on December 19, 2016, in the Court of Common Pleas of Schuylkill County.  In this appeal, Smith presents the following claim:  "Did the [t]rial [c]ourt err and commit an abuse of discretion when it imposed an excessive fine upon [Smith] with no indication as to whether [Smith] could pay that fine[.]"  Smith's Brief at 4.  Based on our review, we remand for an evidentiary hearing concerning the timeliness of this appeal.

On October 24, 2012, a jury found Smith guilty of ten drug charges.[1] Thereafter, on December 7, 2012, Smith was sentenced to an aggregate

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The charges included four counts of possession with intent to deliver (PWID) controlled substances under 35 P.S. § 780-113(a)(30); four counts
*(Footnote Continued Next Page)*

term of 8 to 16 years' imprisonment, and to pay $40,000.00 in fines, which included mandatory minimum sentences and fines pursuant to 18 Pa.C.S. § 7508(a)(2)(i) and (ii).  On direct appeal, this Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Smith*, 87 A.3d 394 (Pa. Super. September 27, 2013) (unpublished memorandum), *appeal denied,* 87 A.3d 319 (Pa. March 5, 2014).

While Smith's direct appeal was proceeding, the United States Supreme Court decided *Alleyne v. United States*, 133 S. Ct. 2151 (2013), holding "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."  *Id.* at 2155.  The following year, this Court held that Section 7508 is "unconstitutional in its entirety" in light of *Alleyne*.  *Commonwealth v. Vargas*, 108 A.3d 858, 876 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015).  *See also Commonwealth v. Fennell*, 105 A.3d 13 (Pa. Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015); *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014), *appeal denied*, 124 A.3d 309 (Pa. 2015).  Additionally, this Court has held that if a defendant's case was pending on direct appeal when *Alleyne* was handed

*(Footnote Continued)* _____

of possession  under 35 P.S. § 780-113(a)(16); one count of possession of a small amount of marijuana under 35 P.S. § 780-113(a)(31); and one count of possession of drug paraphernalia under 35 P.S. § 780-113(a)(32).

down, that defendant is entitled to the benefit of the holding in *Alleyne*. *See Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015); *see also Commonwealth v. Ruiz*, 131 A.3d 54 (Pa. Super. 2015).

Subsequent to his direct appeal, Smith filed a timely PCRA[2] petition and obtained a hearing before the PCRA court. Thereafter, on May 14, 2015, the PCRA court denied Smith's petition but, based on *Alleyne,* granted relief concerning the mandatory sentences at Count 1 and Count 2 that were imposed pursuant to Section 7508, and scheduled the matter for resentencing. *See* Order, 5/14/2015, *citing Fennel, supra,* and *Valentine, supra*. *See also* PCRA Court Opinion, 5/20/2015, at 7-8.

On June 5, 2015, Smith appealed the denial of PCRA relief. This Court affirmed and the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Smith*, 141 A.3d 592 (Pa. Super. 2016), *appeal denied*, 141 A.3d 480 (Pa. 2016). Thereafter, the trial court resentenced Smith on December 19, 2016. Specifically, the trial court sentenced Smith to serve an aggregate term of five to ten years' imprisonment and to pay fines totaling $40,000.00. This appeal followed.[3]

---

[2] Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546.

[3] On January 25, 2017, the trial court issued a Pa.R.A.P. 1925(b) order, and Smith filed a *pro se* concise statement that was hand-dated February 14, 2017, and docketed on February 21, 2017. Smith's counsel filed a concise
*(Footnote Continued Next Page)*

- 3 -

Preliminarily, we address two questions raised by the Commonwealth concerning this Court's jurisdiction.

We first address the Commonwealth's argument that this appeal must be quashed as no notice of appeal was properly filed in this Court. Here, while represented by counsel, Smith filed a *pro se* notice of appeal. However, the Commonwealth contends:

> "[T]here is no constitutional right to hybrid representation either at trial or on appeal." ***Commonwealth v. Ellis***, 534 Pa. 176, 180 (1993). When a defendant is represented by counsel and he makes his own *pro se* filing with the court, that filing is a "legal nullity." ***Commonwealth v. Ali***, [10 A.3d 282, 292 (Pa. 2010)].

Commonwealth's Brief at 4.

The Commonwealth concedes that in a recent decision, ***Commonwealth v. Williams***, 151 A.3d 621 (Pa. Super. 2016), a panel of this Court held that this Court is required to docket and honor *pro se* notices of appeal filed by represented criminal defendants. ***See*** Commonwealth Brief at 5. Furthermore, the Commonwealth recognizes that one panel of the Pennsylvania Superior Court cannot overturn a precedential decision of another panel. ***See id.*** at 5, *citing* ***Commonwealth v. Beck***, 78 A.3d 656, 659 (Pa. Super. 2013).[4] As the Commonwealth is correct that we are

*(Footnote Continued)* ———————

statement on March 20, 2017, after the trial court granted counsel's motion for extension of time.

[4] The Commonwealth notes in its brief that it has raised the issue for preservation purposes. ***See id.*** at 5 n.1.

- 4 -

obliged to follow **Williams**, we reject the Commonwealth's argument that Smith's *pro se* notice of appeal is not a proper notice of appeal.

We next address the Commonwealth's contention that the instant appeal should be quashed as untimely. The Commonwealth points out that Smith's 30-day appeal period[5] from the sentence imposed on December 19, 2016, expired on January 18, 2017, and that Smith's *pro se* notice of appeal was not filed until January 25, 2017, seven days after the expiration of the appeal period. Smith, however, takes the position that he placed his notice of appeal in the prison mailbox system on January 17, 2017, and is entitled to use January 17, 2017 as the date of filing pursuant to the "prisoner mailbox rule."

Under the "prisoner mailbox rule," a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing. **Commonwealth v. Jones,** 700 A.2d 423, 426 (Pa. 1997). **See also Commonwealth v. Cooper**, 710 A.2d 76, 78 (Pa. Super. 1998) ("[F]or prisoners proceeding *pro se*, a notice is deemed filed as of the date it is deposited in the prison mail system."). The Commonwealth maintains that "a represented litigant is not entitled to rely on the prisoner's mailbox rule." Commonwealth's Brief at 6. We disagree. Rather, we conclude that because

_____

[5] **See** Pa.R.A.P. 903(a).

this Court will accept and docket a represented defendant's *pro se* notice of appeal, **Williams, supra**, Smith is entitled to the benefit of the "prisoner mailbox rule" for his notice of appeal.

Our inquiry regarding the timeliness of this appeal, however, does not end here. The Commonwealth further asserts that

> [t]he date on which [Smith] signed the certificate of service is not proof positive of the date in which he put the document into the prison mail. Should this Honorable Court be inclined to apply the prisoner's mailbox rule to [Smith], despite his being represented by counsel, remand for an evidentiary hearing would be appropriate for [Smith] to offer documentary proof of the date which he mailed the document.

Commonwealth's Brief at 7 n.2, *citing* **Cooper**, **supra,** at 79.

Here, because Smith's *pro se* notice of appeal from his December 19, 2016, judgment of sentence was filed in the trial court on January 25, 2017, outside the 30-day appeal period, this Court directed Smith to show cause why the appeal should not be dismissed as untimely filed. **See** *Per Curiam* Order, 5/19/2017. Smith's counsel answered the show cause order, claiming that the appeal was timely under the "prisoner mailbox rule" because Smith's *pro se* notice of appeal and accompanying *pro se* "affidavit of certificate of service," stating that Smith placed his notice of appeal in the hands of prison authorities, were both dated January 17, 2017. This Court discharged the show cause order on June 5, 2017, and the issue was referred to the merits panel. **See** Order, 6/5/2017.

Pennsylvania Rule of Appellate Procedure 121 provides, in relevant part:

> A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the pro se filing with the prison authorities.

Pa.R.A.P. 121(a). A prisoner bears the burden of proving delivery of the notice to prison authorities within the prescribed time period for its filing. ***See Jones, supra***, 700 A.2d at 426. Reasonable verifiable evidence for proving timely delivery includes, but is not limited to, a Postal Form 3817 certificate of mailing or a prison "cash slip" noting a prisoner account deduction and the date of mailing. ***Id.*** The court may also consider a prisoner's affidavit attesting to the date of deposit, as well as evidence regarding the operating procedures of the mail delivery service in question. ***Id.***

"Where … the facts concerning the timeliness [of the filing] are in dispute, a remand for an evidentiary hearing may be warranted." ***Id.*** at 426 n.3. "Where, however, the opposing party does not challenge the timeliness of the appeal and the prisoner's assertion of timeliness is plausible, we may find the appeal timely without remand." ***Cooper, supra***, 710 A.2d at 79 (citation omitted). ***See also Commonwealth v. Patterson***, 931 A.2d 710, 714 (Pa. Super. 2007) (deeming appeal timely based on the date on the

notice of appeal and date of receipt three days after the thirty-day period expired).

In the present case, the certified record does not contain the envelope in which the notice of appeal was mailed, nor a prisoner cash slip. The date of filing, January 25, 2017, is one week beyond the last day of the appeal period – January 18, 2017. Nonetheless, based on the hand-written date of "1/17/2017" on Smith's notice of appeal and "affidavit of certificate of service," it is possible that Smith placed the *pro se* documents in the hands of prison officials on or before January 18, 2017.

Here, the Commonwealth has challenged the timeliness of Smith's notice of appeal and on the record before us there exists a factual question as to whether the notice of appeal was timely filed pursuant to the "prisoner mailbox rule." Accordingly, we remand this case to the trial court to hold an evidentiary hearing to determine whether Smith delivered his *pro se* notice of appeal to prison authorities within 30 days of the date of his sentence, *i.e.*, whether, applying the "prisoner mailbox rule," Smith's appeal was timely filed on or before January 18, 2017, and to file a supplemental opinion within 30 days of the date of the filing of this memorandum.

Case remanded for proceedings consistent with this memorandum. Panel jurisdiction retained.

Stabile, J., joins the memorandum.

Platt, J., concurs in the result.